UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ANTHONY J. YOUNG,

                                         Plaintiff,

                            v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                         Defendant.
_____

DECISION AND ORDER

17-CV-6199L

      Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

      On April 17, 2013, plaintiff, then 52 years old, filed an application for supplemental security income, alleging an inability to work since July 23, 2012. (Administrative Transcript, Dkt. #7 at 16).[1] His application was initially denied. Plaintiff requested a hearing, which was held on April 6, 2015 before Administrative Law Judge ("ALJ") John P. Costello. The ALJ issued a decision on August 20, 2015, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #7 at 16-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 6, 2017. (Dkt. #7 at 1-3). Plaintiff now appeals from that decision. The plaintiff has moved (Dkt. #10), and the Commissioner has cross

---

1 Note that the Administrative Transcript portions cited herein are identified using the internal Bates-stamped pagination utilized by the parties.

moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, particularly his treatment notes for lumbar spinal stenosis (narrowing of the space around the spinal cord) and depressive disorder, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. The ALJ found that plaintiff has the residual functional capacity ("RFC") to perform light work, except that plaintiff requires the option to change positions after sitting or standing for 45 minutes, and is limited to performing simple, routine tasks in a low stress environment, defined as requiring no more than the occasional exercise of judgment on the job. Based on this finding and the testimony of vocational expert Dr. Peter A. Manzi, the ALJ concluded that plaintiff's RFC permits him to perform work existing in significant numbers in the national economy. Specifically, plaintiff can perform the positions of laundry sorter and photocopy machine operator. (Dkt. #7 at 26).

Initially, the ALJ gave "little" weight to the opinion of plaintiff's treating nurse practitioner, Ms. Ellen Ingram, on the grounds that although she was a treating source with a long

2

relationship with plaintiff, her opinion was grounded in part on plaintiff's subjective complaints. Morevoer, as a nurse practitioner, she is not an "acceptable" medical source.

The ALJ assigned "some" weight to the opinion of consultative examiner, Dr. Harbinder Toor, noting that Dr. Toor had assessed plaintiff's strength at 5/5 and found that his joints were stable. (Dkt. #7 at 23). While the ALJ did not specify which portions of Dr. Toor's opinion he was accepting, the ALJ's RFC finding appears to reject Dr. Toor's findings that plaintiff has a "moderate to severe limitation" for standing, walking, bending and lifting. In so doing, the ALJ ignores (or fails to explain his reason for declining to credit) several of Dr. Toor's objective findings and observations, including plaintiff's "moderate pain," difficulty with heel and toe walking and squatting, difficulty rising from a chair, limitations in plaintiff's lumbar spine flexibility (limited to 20%), leg tenderness, and positive sitting and supine positive straight leg raising tests (which can be an indicator of disc protrusion or extrusion). (Dkt. #7 at 461).

It is well settled that an ALJ need not adopt one or more medical opinions verbatim in order to render a sufficiently-supported RFC determination, and that "where the medical evidence shows relatively little physical impairment, an ALJ permissibly can render a common sense judgment about functional capacity even without a physician's assessment." *House v. Astrue*, 2013 U.S. Dist. LEXIS 13695 at *10 (N.D.N.Y. 2013). *See also Matta v. Astrue*, 508 Fed. Appx. 63, 67 (2d Cir. 2013) (unpublished opinion); *Budniewski v. Berryhill*, 2018 U.S. Dist. LEXIS 5922 at *10 (W.D.N.Y. 2018).

However, here, the ALJ determined that plaintiff suffers from the severe impairments of lumbar spinal stenosis and depressive disorder, the former of which is confirmed by MRI results and several years' worth of treatment records testifying to plaintiff's chronic low back pain and limited range of spinal motion. Because the plaintiff's impairments were found to be "severe"

rather than "relatively little," the ALJ was required to support his RFC finding with medical opinion evidence, and to explain in detail his rationale for declining to credit those portions of the medical opinions that he rejected. *See Dusharm v. Colvin*, 2016 U.S. Dist. LEXIS 43194 at *18 (N.D.N.Y. 2016) (although an ALJ can render a common sense RFC determination without a physician's assessment where the medical evidence shows relatively little physical impairment, the plaintiff's impairments cannot be considered "relatively little" if the ALJ has already determined that plaintiff's degenerative disc disease of the spine is a "severe" impairment). Instead of a detailed rationale explaining his reasoning for the weight given to the opinions of Ms. Ingram and Dr. Toor, the ALJ stated only that Ms. Ingram's opinion was "not supported by the record as a whole or the claimant's treating records," and that "[the] record does not support that the claimant is as limited as Dr. Toor opines." (Dkt. #7 at 23, 24). Because the ALJ did not identify the portions of the record that he believed were in conflict with the opinions of Ms. Ingram and Dr. Toor, and did not otherwise explain how their opinions lacked support, the Court is unable to meaningfully review the ALJ's assessment of the medical opinion evidence of record.

Accordingly, I find that the ALJ's RFC finding – that plaintiff can perform a range of light work – is overly speculative, and dependent on the ALJ's own interpretation of a selected portions of the medical evidence of record. As such, the ALJ improperly substituted his "own expertise or view of the medical proof [in place of] any competent medical opinion," and his determination is not supported by substantial evidence. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). *See also Hilsdorf v. Commissioner*, 724 F. Supp. 3d 330 (E.D.N.Y. 2010). Remand is therefore appropriate.

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied, and this matter is remanded for further proceedings. On remand, the ALJ should reassess the medical opinion evidence, obtain additional or clarifying opinion evidence as appropriate, and issue a new decision which sets forth in detail the weight given to each opinion, and the basis therefor.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
June 8, 2018